[Cite as *Dearing v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-6916.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARVIN DEARING

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2011-09551-AD

Acting Clerk Daniel R. Borchert

ENTRY OF DISMISSAL

THE COURT FINDS THAT:

{¶1} On July 18, 2011, plaintiff, Marvin Dearing, filed a complaint against defendant, Department of Rehabilitation and Correction. Plaintiff asserts on May 13, 2011, his due process rights guaranteed by the Fifth Amendment of the United States Constitution were violated by an improper Rules Infraction Board hearing conducted by defendant. Plaintiff seeks damages in the amount of $2,500.00, for the violation of his rights, emotional stress, and loss of good time;

{¶2} On July 18, 2011, plaintiff filed a request motion for permission to proceed with discovery.

THE COURT CONCLUDES THAT:

{¶3} The sole issue raised by plaintiff in his complaint is whether defendant violated plaintiff's constitutionally protected right to due process as guaranteed by the Fifth Amendment of the United States Constitution;

{¶4} "The state is liable in the Court of Claims 'in accordance with the same rules of law applicable to suits between private parties.' R.C. 2743.02(A)(1). More particularly, the state has consented to be sued in the Court of Claims in accordance with the same rules applicable to private persons. Since a private party cannot be held

liable for the constitutional claims appellant asserts, his complaint is not within the jurisdiction of the Court of Claims. *Thompson v. Southern State Community College* (1989), Franklin App. No. 89AP-114; *Bleicher v. Univ. of Cincinnati College of Med.* (1992), 78 Ohio App. 3d 302, 306 (claims of constitutional violations and due process are not within the jurisdiction of the Court of Claims)." *Gangale v. Ohio Bur. of Motor Vehicles*, 2002-Ohio-2936;

{¶5} The Court of Claims only has appellate jurisdiction to hear appeals of decisions of Court of Claims commissioners. R.C. 2743.01(A)(1). In this case, plaintiff sought to have this court determine whether defendant's Rules Infraction Board conducted his hearing in accordance with the due process requirements of the Fifth Amendment. The Court of Claims does not have jurisdiction over decisions rendered by the Rules Infraction Board. *Sears v. Department of Rehabilitation and Correction* (1975), 75-0170-AD; *Maynard v. Jago* (1977), 76-0581-AD;

{¶6} Civ.R. 12(H)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action."

IT IS THEREFORE ORDERED THAT:

{¶7} This court lacks subject matter jurisdiction over the issues raised in plaintiff's complaint;

{¶8} This case is DISMISSED, sua sponte;

{¶9} The court shall absorb the court costs of this case.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Marvin Dearing, #421-030
878 Coitsville-Hubbard Road
Youngstown, Ohio  44505

Ohio Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

7/26
Filed 8/11/11
Sent to S.C. reporter 1/3/12